UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PEDRO MORALES

                Plaintiff,

vs.

FARMER IN THE DELI & GROCERY CORP., JOHN DOE ##1-3

                Defendants

**COMPLAINT AND JURY DEMAND**

## NATURE OF ACTION

1. This is an overtime employment action brought by Plaintiff Pedro Morales for violation of his right to "overtime pay" under the Federal Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

2. The claims arise from Plaintiff's employment as a counterman by Defendant Farmer in the Deli & Grocery Corp. ("Farmer").

## PARTIES

3. Plaintiff resides in Brooklyn, New York.

4. Farmer is a domestic corporation with its principle office in Brooklyn, New York. At all relevant times, Farmer was Plaintiff's employer.

5. John Doe #1-3 at all relevant times were owners of Farmer who directly supervised Plaintiff, and were his employers under the FLSA and NYLL.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 207.

7. Venue is proper in the United States District Court, Eastern District of New York pursuant to 28 U.S.C. § 1391, because Defendants are subject to the Court's personal jurisdiction with respect to this action, and a substantial part of the events or omissions giving rise to the claim occurred within the Eastern District of New York.

## FACTUAL ALLEGATIONS

8. Plaintiff worked as a deli counterman for defendants from 2002 until very recently. The entire time Plaintiff worked for defendants, he was paid $100.00 per day.

9. Almost the entire time Plaintiff worked for defendants, he worked 12 hours per day, six days a week, without lunch breaks.

10. Plaintiff was never paid time and a half for hours he worked over 40 in a week.

## FIRST CAUSE OF ACTION
### (Failure to Pay Overtime Compensation- 29 U.S.C. § 207)

11. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

12. At all relevant times, defendants were Plaintiff's "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed and continue to employ employees, including Plaintiff. At all relevant times, upon information and belief, defendants had gross operating revenues in excess of $500,000.00.

13. Although Plaintiff worked in excess of 40 hours per week, defendants failed to pay Plaintiff one and one-half times his regular rate of pay for hours worked over 40.

14. The foregoing conduct constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a).

## SECOND CAUSE OF ACTION
### (Failure to Pay Overtime Compensation- 12 NYCRR 142-2.2)

15. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

16. At all relevant times, Plaintiff was an employee and defendants were employers within the meaning of the New York Labor Law.

17. Defendants have willfully failed to pay Plaintiff the overtime wages to which she was entitled under the New York Labor Law.

## THIRD CAUSE OF ACTION
### (Failure to Pay "Spread of Hours"- 12 NYCRR 142-2.4)

18. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

19. Defendants have failed to pay Plaintiff one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required, for any day in which Plaintiff's spread of hours exceeded ten hours.

20. Due to defendants' violations of the New York Labor Law, Plaintiff is entitled to recover from defendants his unpaid "spread of hours" pay, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
### (Failure to Comply with the Notice and Record-Keeping Requirements for the New York Class, in violation of NYLL § 195)

21. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

22. Defendants failed to provide Plaintiff, in writing in Spanish, the language identified as his primary language, at the time of hiring, a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or

other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer.

23. Defendants failed to furnish Plaintiff with a statement with every payment of wages, listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked.

24. For defendants' failure to comply with the requirements in paragraph 53, Plaintiff may recover in a civil action damages of fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees.

25. For their failure to comply with the requirements identified in paragraph 54, defendants may recover damages of two hundred fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees.

## PRAYER FOR RELIEF

Plaintiff prays for relief as follows:

A. That defendants are found to have violated the Federal Fair Labor Standards Act and the New York Labor Law;

B. That defendants' violations as described above are found to be willful;

C. An award to Plaintiff for the amount of unpaid wages and penalties owed, including interest and penalties, including liquidated damages, subject to proof at trial;

D. An award of reasonable attorneys' fees and costs pursuant to 29 USC § 216 and/or other applicable law; and

E. For such further relief, in law or equity, as this Court may deem appropriate and just.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury as to all issues so triable.

DATED: November 10, 2016

                                          Stoll, Glickman & Bellina, LLP

Andrew B. Stoll (AS8808)
Stoll, Glickman & Bellina, LLP
475 Atlantic Avenue
Brooklyn, NY 11217
astoll@stollglickman.com
(718) 852-3710